IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY HESTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CERTAIN UNDERWRITERS OF )<br>LLOYD'S, et al., )<br>)<br>Defendants. ) | Case No. CIV-12-57-SPS |

### OPINION AND ORDER GRANTING DEFENDANT FARMERS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Terry Hester owned a number of collectibles from the World War II era that were stolen on July 25, 2010. Mr. Hester had both a collectibles insurance policy with Defendant Certain Underwriters of Lloyd's and a homeowner's insurance policy with Defendant Farmers Insurance Company, Inc. ("Farmers"), and he notified both companies as to his loss. When neither policy paid to his satisfaction, Mr. Hester filed this action for breach of contract and breach of the duty of good faith and fair dealing against both companies. Farmers now seeks summary judgment on the Plaintiff's claims pursuant to Fed. R. Civ. P. 56. As set forth below, the Court finds that the Defendant Farmers Insurance Company Inc.'s Motion for Summary Judgment and Brief in Support [Docket No. 34] should be GRANTED.

## LAW APPLICABLE

This is a diversity case, so Oklahoma substantive law applies. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). "Under Oklahoma law, insurance policies are issued pursuant to statutes, and the provisions of those statutes are given force and effect as if written into the policy." *Shepard v. Farmers Insurance Co.*, 1983 OK 103, ¶ 2, 678 P.2d 250, 251 [citation omitted].

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party must show the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), with the evidence taken in the light most favorable to the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

## ANALYSIS

Farmers contends that summary judgment is appropriate here because Mr. Hester's collectibles were specifically excluded from coverage under the terms of its policy. Mr. Hester argues that the Farmers policy offers primary coverage and the

exclusion referenced by Farmers is an impermissible "escape clause."  The Court finds that the loss is excluded from coverage under the terms of the Farmers policy, and that Farmers is therefore entitled to summary judgment.

The material facts are undisputed.  The collectibles were stolen from Mr. Hester's home on July 25, 2010, and he notified both insurers of his loss.  As to the Farmers Policy, Mr. Hester originally requested in August 2010 that Farmers "hold off on any claim" until his claim with Lloyd's had been processed.  Farmers followed up with a letter to Mr. Hester in September 2010, confirming that the claim was on hold.  The following month, Mr. Hester sent an email to Farmers requesting that his claim be re-opened, and Farmers notified Mr. Hester in February 2011 that they were reserving their rights on his claim.  The parties continued to disagree about Mr. Hester's loss as it related to the Farmers Policy until Mr. Hester filed suit on February 8, 2012.

Farmers denies Mr. Hester's claim for benefits under its policy based on the following exclusion in "Section I – Types of Personal Property Not Insured" to the policy:  "We do not insure . . . personal property separately described and specifically insured in this or any other policy[.]"  *See* Docket No. 34, Ex. 3 at 16 ("Farmers Personal Property Exclusion").  Mr. Hester contends that this exclusion is an impermissible "escape clause."  As relevant, the Farmers policy also contains an "other insurance" clause that states:  "Except as provided below, this insurance is excess of any other insurance covering the property.  If *covered property* sustains loss or damage covered by any other insurance, we will be liable only for that portion of the loss covered under this policy that is in excess of the limit of insurance that applies under the other insurance."

*See* Docket No. 34, Ex. 3 at 37 (emphasis added).  In comparison, the Lloyd's policy states, "If at the time the Covered Loss occurred there is available any other insurance which would apply to the Covered Property, the insurance under this policy shall apply only as excess insurance over the other insurance.  But in no event, will this insurance contribute with other insurance.  In any event, we will not pay more than the applicable Limit of Insurance."  *See* Docket No. 34, Ex. 2 at 5.

Mr. Hester argues that the Farmers policy should be found as the primary coverage for his claimed loss because the Farmers Personal Property Exclusion is an impermissible escape clause.

> *Primary coverage* is provided when, under the terms of the policy, the insurer is liable without regard to any other insurance coverage available. *Excess coverage* or *secondary coverage* is provided when, under the terms of the policy, the insurer is liable for a loss only after any primary coverage – *other insurance* – has been exhausted.  A *pro rata clause* in a policy limits coverage to a proportionate share in relation to all coverage available for the same risk.  An *escape clause*, also known as a *no liability clause*, disclaims any and all liability if other insurance is available.

*Equity Mutual Insurance Co. v. Spring Valley Wholesale Nursery, Inc.*, 1987 OK 121, 747 P.2d 947, 954 (1957) [emphasis in original].  Mr. Hester argues that the Farmers Personal Property Exclusion is an impermissible "escape clause."  The Court, however, agrees with Farmers that although the Personal Property Exclusion *is* an "escape clause" to the extent that it excludes, or escapes, liability for coverage of personal property separately described and specifically insured, it *is not* an escape clause that disclaims *any and all liability*; rather, it disclaims liability for *personal property* otherwise insured.  But even assuming that it does act as an escape clause, the Court finds that the exclusion is

permissible under freedom-of-contract principles.  *See Oklahoma Farmers Union Mutual Insurance Company v. John Deere Insurance Company*, 1998 OK CIV APP 156, ¶ 14, 967 P.2d 479, 482 (1998) ("In *Equity Mutual*, the Oklahoma Supreme Court did not indicate that 'escape' clauses – or clauses of a similar nature – generally were against public policy in Oklahoma, or that such clauses would not be enforced in appropriate circumstances.  The court did, however, specifically recognize that once the legislative purpose underlying the state's minimum financial responsibility laws has been served, then 'freedom-of-contract principles control as to any vehicle coverage *in excess of that required by statute*.") [emphasis in original], *citing Equity Mutual*, 1987 OK 121, ¶ 17. *See also* Okla. Stat. tit. 15, § 157 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others.").

    Mr. Hester argues that not all of the collectibles claimed in his loss were "separately described and specifically insured" as required by the terms of the Farmers policy, but the terms of the Lloyd's policy provided coverage for Mr. Hester's collectible property that was, *inter alia*, owned by him.  The Lloyd's policy only required that items with a value over $5,000 be scheduled by endorsement as part of the policy.  Docket No. 34, Ex. 2 at A.3.a & A.4.f..  All of the collectibles claimed as lost by Mr. Hester were either Scheduled Items as part of the policy, or had a claimed value of less than $5,000.  Docket No. 34, Ex. 4 & Ex. 8.  Because all of the collectibles in the claimed loss are specifically excluded from coverage under the Farmers Policy and Lloyd's has acknowledged that they are covered under the Lloyd's Policy (despite the fact that issues

of value and authenticity remain under that policy), they are not "covered property" that triggers the "other insurance" clause in the Farmers Policy.

The Court also finds that Mr. Hester's claim for breach of the duty of good faith and fair dealing fails. In order to establish a *prima facie* case of bad faith under Oklahoma law, Mr. Hester must show: (i) that his loss was covered under the Farmers Policy, and that Farmers was required to take reasonable actions in handling his claim; (ii) that Farmers' actions were unreasonable under the circumstances; (iii) that Farmers failed to deal fairly and in good faith with Mr. Hester in handling his claim; and (iv) that Farmers' failure caused Mr. Hester to suffer damages. *Badillo v. Mid Century Insurance Co.*, 2005 OK 48, ¶ 25, 121 P.3d 1080, 1093. Because Mr. Hester's loss was not covered under the Farmers Policy, he cannot establish a *prima facie* case of bad faith. And although Mr. Hester argues that Farmers unreasonably delayed in making a decision on his claim and wrongly denied coverage, Farmers correctly points out that there was a legitimate coverage dispute. *See Timberlake Construction Co. v. U.S. Fidelity & Guaranty Co.*, 71 F.3d 335, 343 (10th Cir. 1995) ("The insurer does not breach the duty of good faith by refusing to pay a claim or by litigating a dispute with its insured if there is a legitimate dispute as to coverage or amount of the claim, and the insurer's position is reasonable and legitimate."), *citing Thompson v. Shelter Mutual Ins.*, 875 F.2d 1460, 1462 (10th Cir. 1989).

In summary, Mr. Hester's loss is not entitled to coverage under the Farmers policy because the policy excludes such coverage. Consequently, IT IS ORDERED that the

Defendant Farmers Insurance Company Inc.'s Motion for Summary Judgment and Brief in Support [Docket No. 34] is hereby GRANTED.

**DATED** this 18th day of January, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma