IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRY HESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-57-SPS |
| | ) | |
| CERTAIN UNDERWRITERS OF | ) | |
| LLOYD'S, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO COMPEL APPRAISAL**

Plaintiff Terry Hester sued Defendant Certain Underwriters of Lloyd's ("Lloyd's") for breach of an insurance contract and bad faith in connection with Mr. Hester's loss of property due to theft. Lloyd's responded, *inter alia*, with a Motion to Compel Appraisal [Docket No. 9], arguing that Hester improperly filed suit before completing the appraisal process mandated by his insurance policy. For the reasons set forth below, the motions filed by Lloyd's are hereby DENIED.

Lloyd's issued a policy to Mr. Hester providing $400,000.00 coverage for certain collectible personal property. On July 25, 2010, collectibles specifically identified by the policy were stolen from Mr. Hester's home, and he filed a claim. Lloyd's responded that it was "investigating Mr. Hester's Loss and insurance claim under a full reservation of rights under the Policy and applicable law" and valued his loss at $32,500. *See* Docket No. 9, Ex. B. Lloyd's expected "that Mr. Hester will likely be in agreement with the

adjustment of this Loss," *see id.*, but nevertheless invoked the following appraisal clause in his policy:

> If you and we fail to agree on the amount of loss, either may demand that the amount of loss be set by appraisal. In this event, each party will choose a competent, independent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state of your residence. The appraisers will separately set the amount of loss.
>
> If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. . . . *If there is an appraisal, we will still retain our right to deny the claim*.

Collector's Insurance Policy (Collectible Property), D(2) "Appraisal," Docket No. 9, Ex. A, at p. 4 [emphasis added]. Mr. Hester did in fact disagree with Lloyd's estimate of his loss, and appointed his own appraiser who evaluated the loss at $441,000. The parties discussed choosing an umpire to complete the appraisal process, but Mr. Hester elected to file suit instead. Lloyd's seeks by its motions to enforce the policy's appraisal clause and urges the Court: (i) to compel completion of the appraisal process previously commenced by the parties; (ii) to declare the result of the appraisal process binding upon both parties; (iii) to declare that the appraisers may consider the authenticity of the stolen collectibles in making their determinations; (iv) to reserve jurisdiction only to appoint an umpire in the event the parties make such a motion; and (v) to stay or abate these proceedings while the appraisal process is completed.

This is a diversity case, so Oklahoma substantive law applies. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). Under Oklahoma law, appraisal awards are

"binding upon the party invoking the appraisal process [but] non-binding upon the party compelled to participate due to the other party's demand." *Massey v. Farmers Insurance Co.*, 1992 OK 80, 837 P.2d 880, 884, *citing* 36 Okla. Stat. § 4803(G). Thus, an insured is not required to await the completion of the appraisal process to file suit whenever the insurer reserves the right to deny the claim. *See, e. g., JJB Properties, L.L.C. v. Certain Underwriters at Lloyd's London*, 2010 WL 2196574, at *6 (N.D. Okla. May 26, 2010) ("Defendant's claim that its demand for appraisal precludes suit is contrary to long-standing Oklahoma law. In 1925, the Oklahoma Supreme Court held that when an insurer denies liability, it waives the appraisal right of defendant. In 1965, the Oklahoma Supreme Court re-visited this issue . . . The Court made it clear than an appraisal provision is not a condition precedent to a lawsuit by the insured, if the insurer has demanded the appraisal but reserved the right to litigate liability.") [unpublished opinion], *citing Concordia Fire Insurance Co. v. Barkett*, 110 Okla. 177, 236 P. 890 (1925) *and Fidelity-Phenix Fire Insurance Co. of New York v. Penick*, 401 P.2d 514 (Okla. 1965); *LeBlanc v. The Travelers Home and Marine Insurance Co.*, 2011 WL 1107126 (W.D. Okla. March 23, 2011) ("*Massey* makes clear that an appraisal provision in an insurance policy like [the homeowner's policy] involved here is binding on the party who invokes the process. The non-invoking party is not bound at all."), *citing Trinity Baptist Church v. GuideOne Elite Insurance Co.*, 2009 WL 2972502, at *3 n.5 (W.D. Okla. Sept. 14, 2009) [unpublished opinion]. *See also Massey*, 1992 OK 80, 837 P.2d at 890 (Opala, J., concurring) ("A loss-appraisal procedure may be viewed as an efficient or desirable method of resolving the amount of a contested fire claim if both

parties are agreeable. But because [Okla. Const. art. 23, §8 ("Any provision of a contract, express or implied, made by any person, by which any of the benefits of this Constitution is sought to be waived, shall be null and void.")], absolutely interdicts judicial enforcement of *executory ex contractu* commitments to relinquish constitutional rights that may be available in disputes to arise *in futuro*, the appraisal clause is infirm.").

Lloyd's contends these authorities are inapposite to this case because it accepted coverage of Mr. Hester's claim notwithstanding the language of the appraisal clause to the contrary. Whether Lloyd's unequivocally accepted coverage is debatable, *e. g.*, the above-mentioned letter to Mr. Hester indicates that Lloyd's was investigating his claim "under a full reservation of rights under the Policy and applicable law," but in any event the Court is persuaded that it is the language of the agreement between the parties that is controlling in this regard. Because it reserved the right to deny Mr. Hester claim after an appraisal according to the terms of the Policy, Lloyd's "waived the [appraisal] clause as a condition precedent to suit." *JJB Properties*, 2010 WL 2196574, at *6 [quotations omitted], *citing Fidelity-Phenix Fire Insurance Co.*, 401 P.2d at 520. The Court therefore declines to compel completion of the appraisal process, and likewise declines to stay or abate these proceedings pending such completion.

Accordingly, IT IS ORDERED that the Defendant's Motion to Compel Appraisal [Docket No. 9] is hereby DENIED. To the extent the parties are currently observing any stay in connection with the Defendant's Motion to Stay and/or Abate the Proceedings Pending Completion of the Appraisal Process [Docket No. 10] previously granted herein, such stay is hereby LIFTED.

**DATED** this 5th day of March, 2013.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**