# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY HESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-57-SPS |
| | ) |
| CERTAIN UNDERWRITERS OF | ) |
| LLOYD'S and FARMERS | ) |
| INSURANCE COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER DENYING FARMERS INSURANCE COMPANY'S MOTION FOR ATTORNEY FEES

The Plaintiff sued the Defendants, Farmers Insurance Company, Inc. and Certain Underwriters of Lloyd's, alleging breach of contract and bad faith in connection with a theft loss sustained by the Plaintiff. The Plaintiff settled with Lloyd's [Docket No. 76], but Farmers prevailed on summary judgment [Docket No. 54] and seeks an award of attorney's fees pursuant to 36 Okla. Stat. § 3629. As set forth below, the Defendant's Motion for Attorney Fees and Brief in Support [Docket No. 89] is hereby DENIED.

Farmers requests attorney's fees as a prevailing party pursuant to 36 O.S. § 3629, which provides in pertinent part as follows:

> A. An insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by such insurer, forms of proof of loss for completion by such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion of such proof or the manner of any such completion or attempted completion.

> B. It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party.

Section 3629 is thus "a prevailing party attorney fees provision" and "serves to encourage prompt resolution of insurance claims by keying entitlement to an award of fees to a particular date." *Hale v. A.G. Insurance Co.*, 2006 OK CIV APP 80, ¶ 6, 138 P.3d 567, 569. "The insurer's penalty for failing to reject or offer to settle a claim within 90 days is the loss of any opportunity to recover attorney fees, even if the insurer is the prevailing party in a lawsuit." *AG Equipment Co. v. AIG Life Ins. Co., Inc.*, 691 F. Supp. 2d 1295, 1305 (N.D. Okla. 2010), *citing Shinault v. Mid-Century Ins. Co.*, 1982 OK 136, ¶ 4, 654 P.2d 618, 619 ("[Section] 3629 imposes the loss of any chance for attorney fees on the insurer as a sanction for the failure to respond within ninety days of its receipt of Proof of Loss.").

Farmers obtained summary judgment on the Plaintiff's claims and is undoubtedly the prevailing party under Section 3629. Farmers did not, however, reject the Plaintiff's insurance claim within ninety days of receiving it on August 26, 2010. Instead, despite noting that the "[s]tatutory time limit to accept/deny claim OR notice of extension of time required" was November 27, 2010, and that its "[i]nvestigation to be complete within 120 days after the reported date" [Docket No. 83, Ex. 12], Farmers sent the Plaintiff a letter on February 8, 2011 "to advise you, Farmers Insurance Company, Inc., is specifically

reserving all rights relative to this claim, and will be undertaking a thorough investigation of this claim" [*Id.*, Ex. 16 at 1]. The last page of this letter indicated that a final decision had not been made: "We will investigate your claim as quickly as possible, and make a final determination regarding what amounts, if any, you may be entitled to under your policy" [*Id.*, Ex. 16 at 3]. The claim file indicates that Farmers was waiting for resolution of the Plaintiff's claim with Lloyd's before determining whether anything was owed under its policy [*Id.*, Exs. 17-23]. In a September 21, 2011 letter (over a year after receiving the original proof of loss), Farmers requested a corrected proof of loss form, noting that the Plaintiff's claim with Lloyd's had gone into mediation [*Id.*, Ex. 24]. On January 18, 2012, the Plaintiff demanded that Farmers tender the policy limits for his loss within ten days. [*Id.*, Ex. 27], which prompted Farmers to again request a corrected proof of loss [*Id.*, Ex. 28]. On February 8, 2012, the Plaintiff commenced this action.

Farmers argues that the proof of loss received on August 26, 2010 was insufficient to trigger its ninety-day duty under Section 3629 because: (i) the proof of loss form was incomplete and the Plaintiff requested a delay in processing his claim while he pursued Lloyd's; (ii) Farmers retained the right to investigate the claim and gave itself a 120-day extension of the 90-day period; (iii) Farmers reserved its rights and denied coverage on February 8, 2011; (iv) Farmers requested a corrected proof of loss form on September 21, 2011; and (v) the ninety-day duty under Section 3629 was triggered until January 2012, when the Plaintiff first claimed that Farmers was the primary (rather than excess) insurer.

"Any notice by an insured provides the insurer sufficient proof of loss if the notice serves the ultimate purpose of affording the insurer knowledge that can be acted upon."

-3-

*Hambelton v. Canal Insurance Co.*, 405 Fed. Appx. 321, 323 (10th Cir. 2010), *quoting Dixson Produce, LLC v. National Fire Insurance Co. of Hartford*, 2004 OK CIV APP 79, ¶ 20, 99 P.3d 725, 727. *See also Regional Air, Inc. v. Canal Insurance Co.*, 639 F.3d 1229, 1236 (10th Cir. 2011) ("Section 3629 is triggered by notice from an insured claiming to have a covered loss."), *citing Association of County Commissioners v. National American Insurance Co.*, 2005 OK CIV APP 44, ¶ 17, 116 P.3d 206, 209. Farmers' contention that the August 26, 2010 proof of loss was insufficient is belied by the fact that Farmers did not request a corrected proof of loss for over a year. *See AG Equipment Co*, 691 F. Supp. 2d at 1306 n. 8 ("An insured must substantially comply with the requirement to provide proof of loss, and this standard is met if the proof of loss serves the ultimate purpose of affording the insurer knowledge that could be acted upon . . . The insurer may request additional information and conduct further investigation before issuing a decision on whether a claim is covered, but this does not affect the adequacy of the proof of loss."), *citing Dixson*, 2004 OK CIV APP 79, ¶ 20, 99 P.3d at 727. This is similar to the situation in *AG Equipment Co. v. AIG Life Insurance Co., Inc.*, wherein the court found:

> AIG did not dispute the adequacy of the proof of loss *when it originally received AG's claim for reimbursement* of Ash-Kurtz's medical expenses and . . . it is reasonable to infer that AIG initially deemed the proof of loss sufficient. While AIG retained the right to investigate whether it was obligated to reimburse AG for Ash-Kurtz's medical expenses, it could not indefinitely hold AG's claim in abeyance without waiving its rights to collect attorney fees under § 3629. . . . AIG has not cited any evidence suggesting that it refused to issue a decision on AG's claim because AG's proof of loss did not comply with the terms of the insurance policy; instead, AIG requested more information because it discovered information

> casting doubt on AG's assertion that the claim was actually covered by the Policy. . . . AIG could have rejected the claim within 90 days based on AG's refusal to provide the additional information requested by AIG, and this would have preserved AIG's right to seek attorney fees.

691 F. Supp. 2d at 1305-1306 [emphasis added; citations omitted]. Because Farmers did not request a corrected proof of loss for over a year, the Court finds that the Plaintiff's original proof loss received on August 26, 2010 was sufficient to place Farmers on notice of the claim, and that any later request for information goes to a coverage issue rather than sufficiency of the proof of loss.

Farmers also contends that the ninety-day deadline did not run in November 2010, that it was extended for one hundred twenty days, or that the period did not begin to run until January 2012. But Farmers admitted receiving a proof of loss on August 26, 2010, and its unilateral claim of an extension does not toll the period under Section 3629. *See Association of County Commissioners of Oklahoma v. National American Insurance Co.*, 2005 OK CIV APP 44, ¶ 6, 99 P.3d at 724 ("If the insurer fails to act within 90 days, it has breached Section 3629(B) and has waived its right to attorney fees."). Farmers notes that the Plaintiff was told in September 2011 that "it doesn't appear that there is any claim to be made with Farmers" and urged to submit a corrected proof of loss if he felt otherwise, and the Plaintiff's failure to respond therefore allows recovery under Section 3629. But this would be so only if Farmers had first made timely response to the initial proof of loss. *See Cales v. Le Mars Mutual Insurance Co.*, 2003 OK CIV APP 41, ¶ 12, 69 P.3d 1206, 1208 ("Insurer did not comply with § 3629(B) because it did not submit a written offer of settlement or rejection of the claim to the insured within 90 days after

Cales presented Insurer with the supplemental proof of loss, *following the first denial of the claim*.") [emphasis added].

Farmers also contends that under Oklahoma law a legal determination as to excess liability was required before it had any duty under Section 3629, citing *Association of County Commissioners of Oklahoma v. National American Insurance Co.*, 2005 OK CIV APP 44, 99 P.3d 725. But the ruling in that case was based on a finding that no formal proof of loss had been submitted to the insurer, not on the idea that an excess insurer could operate under different rules. *See* 2005 OK CIV APP 44, ¶ 19, 99 P.3d at 727 ("While a formal proof of loss form may not have been part of the course of dealing between ACCO-SIG and either Lloyd's or NAICO, nevertheless, a demand or notice of loss of an amount exceeding the self-insured retention was necessary for NAICO to be able to meet its Section 3629 obligation to [make] a settlement offer or reject the claimed loss (or risk an award of fees).").

In summary, the Court finds that Farmers did not comply with 36 O.S. § 3629 and is therefore not entitled to an award of attorney fees under the provision. Accordingly, IT IS ORDERED that the Defendant's Motion for Attorney Fees and Brief in Support [Docket No. 83] is hereby DENIED.

**DATED** this 24th day of March, 2014.

                                                        Steven P. Shreder
                                                       United States Magistrate Judge
                                                       Eastern District of Oklahoma